UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEVE MAHONEY,

                Plaintiff,

    -against-                  **MEMORANDUM OF DECISION AND ORDER**
                                                    11-cv-5538(ADS)(AKT)

YAMAHA MOTOR CORP. U.S.A.,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**The Law Offices of Anthony C. Donofrio, PLLC**
*Attorneys for the Plaintiff*
5518 Merrick Road
Massapequa, NY 11758
      By:    Arnab Bhukta, Esq., of Counsel

**Webster Szanyi, LLP**
*Attorneys for the Defendant*
Webster Szanyi LLP
1400 Liberty Building
Buffalo, NY 14202
      By:    Kevin A. Szanyi, Esq.
                  Kevin Thomas O'Brien, Esq., of Counsel

**SPATT, District Judge.**

       This case was commenced by the Plaintiff against the Defendant Yamaha Motor Corp. U.S.A. ("Yamaha") in the New York State Supreme Court, County of Suffolk, Index No. 15607/11, on or about April 15, 2011. The Plaintiff brought several causes of action, including manufacturing defects, design defects, and negligence, all arising from an alleged accident that occurred while the Plaintiff was riding a motorcycle manufactured and designed by the Defendant. On November 14, 2011, Yamaha removed the action to this Court.

On June 18, 2012, the Plaintiff's Counsel, Arnab Bhukta, Esq., filed a motion to withdraw from representation of the Plaintiff pursuant to Local Rule 1.4. According to the Plaintiff's Counsel, although his client had claimed that he sold the vehicle after the accident, the Defendant produced evidence that demonstrated that the bike was re-registered to the Plaintiff seven months after the accident. Moreover, the Plaintiff's Counsel claims that he obtained the relevant medical records and they state that his client's injuries occurred as a result of a fall off a ladder. Consequently, the Plaintiff agreed to discontinue the matter. However, the Defendant is unwilling to sign a stipulation of dismissal because they seek to recover fees. In sum, because of the claimed multiple misrepresentations or half-truths made by the Plaintiff and the unlikelihood of success if the matter is not discontinued, Bhukta wishes to be relieved as Counsel for the Plaintiff.

Therefore, the Plaintiff Steve Mahoney is directed to appear on July 2, 2012 at 9:00am to show cause why the motion to be relieved as counsel should not be granted. Counsel for the Plaintiff and the Defendant are also directed to appear. The Plaintiff's Counsel is directed to serve a copy of this Order on the Plaintiff by personal service prior to June 29, 2012.

**SO ORDERED.**

Dated: Central Islip, New York
June 27, 2012

                                                                                                                                                                             ____/s/ Arthur D. Spatt_____
                                                                                                                                                                              ARTHUR D. SPATT
                                                                                                                             United States District Judge